# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ROTATABLE TECHNOLOGIES LLC,** | |
| Plaintiff, | |
| v. | |
| 1. **PETROLEUM GEO-SERVICES, INC.;** | CIVIL ACTION NO. 2:13-cv-177 |
| 2. **PLAINSCAPITAL CORP.;** | |
| 3. **RACKSPACE HOSTING, INC.;** | JURY TRIAL DEMANDED |
| 4. **SCHLUMBERGER TECHNOLOGY CORP.;** | |
| 5. **TEXAS INSTRUMENTS, INC.; AND** | |
| 6. **TXU ENERGY RETAIL COMPANY LLC.,** | |
| Defendants. | |

## DEFENDANT PETROLEUM GEO-SERVICES, INC.'S MOTION TO DISMISS
## <u>PURSUANT TO RULE 12(b)(3) FOR IMPROPER VENUE</u>

I.    INTRODUCTION

Rotatable Technologies LLC ("Rotatable Technologies") filed this patent infringement case against Petroleum Geo-Services, Inc. and five other defendants.  Petroleum Geo-Services, Inc. is a Delaware corporation having offices in Austin and Houston, Texas.  Venue in this patent infringement case is improper in the Eastern District of Texas because Petroleum Geo-Services, Inc. (1) would not be subject to personal jurisdiction in the District if it were a state, (2) has committed no alleged acts of infringement in the District, and (3) does not otherwise conduct any business in the District.  Pursuant to FED. R. CIV. P 12(b)(3), Rotatable Technologies complaint against Petroleum Geo-Services, Inc. should be dismissed.

II.   FACTUAL BACKGROUND

A.    The Parties.

Rotatable Technologies is a Texas limited liability company with its principal place of business in Austin, Texas.  Petroleum Geo-Services, Inc. is a Delaware corporation, with its principal place of business and headquarters in Houston, Texas.  Decl. of M. Starr ¶ 2 ("Starr Dec.").  Petroleum Geo-Services, Inc. is a wholly owned subsidiary of Petroleum Geo-Services ASA ("PGS ASA"), which is a Norwegian company headquartered in Oslo, Norway.

Rotatable Technologies claims that Petroleum Geo-Services, Inc. infringes the patent-in-suit by making, having made, using, importing, providing, supplying, distributing, selling, and/or offering to sell a smartphone application (commonly known as an "app") for the Apple iOS operating system called the "PGS Events Mobile Application" ("Events app").  Dkt. No. 1 at ¶ 14.  Rotatable Technologies' complaint alleges that venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).  Id. at ¶ 9.  Rotatable Technologies alleges no specific facts in support of its venue claim as to Petroleum Geo-Services, Inc. or any other defendant; instead, Rotatable

Technologies argues that, "[u]pon information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district." *Id.* These venue allegations are incorrect as to Petroleum Geo-Services, Inc.

### B. Petroleum Geo-Services, Inc. Conducts No Business Activity In the Eastern District of Texas.

Petroleum Geo-Services, Inc. does not conduct any business in the Eastern District of Texas and does not provide any services to any customers in the District. Starr Dec. ¶¶ 4-7. Petroleum Geo-Services, Inc. does not have an agent for service of process, does not own any real property, and does not have any bank accounts in the Eastern District of Texas. Petroleum Geo-Services, Inc. has approximately 300 employees in Houston, 50 employees in Austin, but none in the Eastern District of Texas. Petroleum Geo-Services, Inc. does not solicit any business in the District or direct any advertising to the District's residents.

### III. ARGUMENT

#### A. The Complaint Should Be Dismissed For Improper Venue Because Personal Jurisdiction Does Not Exist Over Petroleum Geo-Services, Inc. In The Eastern District Of Texas.

Rotatable Technologies' complaint as to Petroleum Geo-Services, Inc. should be dismissed pursuant to FED. R. CIV. P. 12(b)(3) for improper venue under 28 U.S.C. § 1400(b), which governs venue for patent infringement actions. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575 (Fed. Cir. 1990). Under § 1400(b), venue is proper in the judicial district where: (1) the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b).

28 U.S.C. §1391(c), which defines "resides" as used in the first prong of § 1400(b), states that for the purposes of venue, a corporation resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *VE Holding*,

2

917 F.2d at 1578 ("On its face, § 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section."). If a state has more than one district, "a corporation is deemed to reside in any district in the state within which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate state…." *Id.*

The first test under § 1400(b) is the only necessary inquiry in deciding whether the Eastern District of Texas is a proper venue for Petroleum Geo-Services Inc.. The second test under § 1400(b)—determining venue by where the defendant committed infringing acts and has a regular and established place of business—is superfluous because "wherever a corporate defendant commits acts of infringement and has a regular and established place of business, it will necessarily be subject to personal jurisdiction there." *VE Holding*, 917 F.2d at 1580 (explaining that "the second test under § 1400 (b) become[s] superfluous" when determining venue for corporate defendants). Therefore, the Eastern District of Texas is a proper venue only if the District has personal jurisdiction over Petroleum Geo-Services Inc. treating the District as a separate state. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005).

Federal Circuit law governs personal jurisdiction over defendants in patent infringement cases. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). To exercise personal jurisdiction over a defendant in a patent case, "the court must determine whether an applicable statute potentially confers jurisdiction by authorizing service of process on the defendant, and whether the exercise of jurisdiction would satisfy the requirements of due process." *Id.* at 1349. Because Texas' long-arm statute "reaches as far as the federal constitutional requirements of due process will allow," these two inquiries collapse into a single question: whether the exercise of personal jurisdiction comports with due process.

3

*Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 769 (E.D. Tex. 2009) (internal quotations omitted); *see also Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230-31 (Fed. Cir. 2010). The plaintiff bears the burden of showing the court's personal jurisdiction over the defendant. *See Deprenyl Animal Health*, 297 F.3d at 1351.

Due process requires a nonresident defendant to have at least "minimum contacts" with the forum to be subject to personal jurisdiction. *Id.* at 1350. Personal jurisdiction may be general or specific. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). "[A]ttenuated contacts" are insufficient—rather, the defendant must be "essentially at home in the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2857, 2851 (2011). On the other hand, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 2851 (internal quotation marks omitted). Specific personal jurisdiction arises when "the defendant has purposefully directed his activities at residents of the forum" and "the litigation results from alleged injuries that arise out of or relate to those activities," so long as the exercise of personal jurisdiction "would comport with fair play and substantial justice." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73, 476 (1985); *see also Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1411-12 (Fed. Cir. 2009), quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum[], thus invoking the benefits and protections of its laws.").

4

        1.        General personal jurisdiction does not exist over Petroleum Geo-Services, Inc. in the Eastern District of Texas because Petroleum Geo-Services, Inc. has not carried on "continuous and systematic general business contacts" within the Eastern District of Texas.

General personal jurisdiction over a corporate defendant exists when the defendant engages in continuous and systematic contacts with the forum such that it is "essentially at home in the forum." *Goodyear*, 131 S. Ct. at 2851; *see LSI Indus.*, 232 F.3d at 1375. Factors considered in evaluating the extent of a defendant's contacts with a forum include whether the defendant makes sales, solicits or engages in business, designates an agent for service of process, is licensed to do business, signs contracts, has employees, owns real or personal property, or maintains an office or establishment in the forum state. *Helicopteros*, 466 U.S. 408 at 411-412. "Sporadic and insubstantial contacts with the forum" will not suffice to establish general jurisdiction, *Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); *see also Goodyear*, 131 S. Ct. at 2857.

General personal jurisdiction does not exist over Petroleum Geo-Services, Inc. in the Eastern District of Texas because Petroleum Geo-Services, Inc. does not engage in continuous and systematic business contacts with the District. In fact, Petroleum Geo-Services, Inc. does not conduct any business activity within the District. Starr Dec. ¶¶ 4-7. Petroleum Geo-Services, Inc. is incorporated in Delaware and conducts its business in its Houston and Austin offices. *Id.* at ¶¶ 2, 4. Petroleum Geo-Services, Inc. has not been involved in the provision of seismic data to any customers in the District. Starr Dec. ¶¶ 6. Petroleum Geo-Services, Inc. does not maintain any equipment, operate any facilities, employ any employees, or list a telephone number in the District. *Id.* at ¶¶ 4-5. Petroleum Geo-Services, Inc. does not have any offices, bank accounts, or real property in the District. *Id*. Petroleum Geo-Services, Inc. does not solicit any business in the District or directly advertise to the District's residents. *Id.* at ¶ 6. Like the defendant in

*Autogenomics*, Petroleum Geo-Services, Inc. "has no actual physical presence" in the District, and has no contacts sufficient to establish general jurisdiction. 566 F.3d at 1018. Petroleum Geo-Services, Inc. is "in no sense at home" in the District. *Goodyear*, 131 S. Ct. at 2857.

        2.    Specific personal jurisdiction does not exist over Petroleum Geo-Services, Inc. in the Eastern District of Texas.

Specific personal jurisdiction also does not exist over Petroleum Geo-Services, Inc. in the District. In determining whether the exercise of specific personal jurisdiction comports with due process, the Federal Circuit considers "(1) whether the defendant has purposefully directed its activities at residents of the forum; and (2) whether the litigation results from alleged injuries that arise out of or relate to those activities." *Campbell Pet*, 542 F.3d at 884 (internal quotation marks omitted); *see also Goodyear¸* 131 S. Ct. at 2851 (specific personal jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction"). If a plaintiff carries its burden with respect to both prongs, the court considers "whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Campbell Pet*, 542 F.3d at 884, quoting *Burger King*, 471 U.S. at 476.

Because Petroleum Geo-Services, Inc. conducts no activities in the Eastern District of Texas, none of these elements are met. Therefore, specific personal jurisdiction does not exist over Petroleum Geo-Services, Inc. in the Eastern District of Texas.

        *a)*    *Petroleum Geo-Services, Inc. has not purposefully directed any activities at residents of the Eastern District of Texas*

Petroleum Geo-Services, Inc. has engaged in no conduct promoting the transaction of business in the Eastern District of Texas. Petroleum Geo-Services, Inc. engages in no activity whatsoever expressly aimed at the Eastern District of Texas. Starr Dec. ¶ 6-7. Nor does Petroleum Geo-Services, Inc. directly advertise to the District's residents or solicit any business from the District's residents or companies. *Id.* at ¶ 7. Because Petroleum Geo-Services, Inc. has

not expressly aimed any activities at the Eastern District of Texas, Rotatable Technologies cannot satisfy the first prong of the test for specific personal jurisdiction. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2789 (2011) (plurality opinion) ("The question is whether a defendant has followed a course of conduct directed at the society or economy existing within [the forum].").

The basis of Rotatable Technologies' infringement claim is a smartphone application—the PGS Events mobile application ("Events app") for iOS. The Events app is available for free download from the iTunes service, which is not owned or operated by Petroleum Geo-Services, Inc. Petroleum Geo-Services, Inc. did not create the Events app, and does not maintain its contents.[1] The Events app cannot be downloaded directly from the www.pgs.com website. The website does include a support page that provides basic information about the Events app, including an explanation that the Events app "does not gather any form of user data from the phone." Exhibit A (www.pgs.com/mobileappsupport). The website explains that the use of the website and any downloads that may be obtained from it are governed by the laws of Norway. Exhibit B (www.pgs.com/Colophon/Legal_Notice).

The Events app for the iOS identified in Rotatable Technologies' complaint can be downloaded from the Apple iTunes service. Petroleum Geo-Services, Inc. did not create and does control the iTunes service, from which the Events app is downloaded. Additionally, the iTunes service is not directed at the residents of the Eastern District of Texas. Any disputes arising over applications downloaded from the iTunes service by users are subject to Apple's Terms and Conditions, which state that "exclusive jurisdiction for any claim or dispute with

---

[1] The Events app was not developed and is not maintained by Petroleum Geo-Services, Inc. Decl. of O. Escobar. ¶ 3 ("Escobar Dec."). On information and belief, the Events app was developed and is maintained by a separate wholly-owned subsidiary of PGS ASA (the Norwegian parent of PGS Inc.).

Apple or relating in any way to your use of the App And Book Services resides in the courts in the State of California." Exhibit C (iTunes Terms and Conditions). Users of the iTunes service must agree to these Terms and Conditions when creating an iTunes account. Accordingly, even if a copy of the Events app was downloaded by a resident of the District (and Petroleum Geo-Services, Inc. has no evidence that such a download occurred), that activity would not create jurisdiction over Petroleum Geo-Services, Inc. in the Eastern District of Texas. *See Realpage, Inc. v. EPS, Inc.*, 560 F. Supp. 2d 539, 545 (E.D. Tex. 2007); *Am. Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc.*, 106 F. Supp. 2d 895, 904 (N.D. Tex. 2000).

      b)    *Rotatable Technologies' infringement claim does not arise from any Petroleum Geo-Services, Inc. activity within or relating to the Eastern District of Texas.*

Even if Petroleum Geo-Services, Inc. had directed activities at residents of the Eastern District of Texas (which, as explained above, it has not), Rotatable Technologies' patent infringement claim does not arise out of any Petroleum Geo-Services, Inc. activity within or relating to the District. Patent infringement occurs when a party "makes, uses, offers to sell, or sells any patented invention, within the United States," or imports a patented invention into the United States. 35 U.S.C. § 271(a) (2010); *see also Hollyanne Corp. v. TFT, Inc.*, 199 F.2d 1304, 1308 (Fed. Cir. 1999). Rotatable Technologies' infringement claim is based on the unsupported allegation that Petroleum Geo-Services, Inc. made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale allegedly infringing products and/or systems. Dkt. No. 1 ¶ 13.

As the Federal Circuit has observed, in a patent infringement case, "for purposes of specific jurisdiction, the jurisdictional inquiry is relatively easily discerned from the nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir.

2008). Rotatable Technologies' patent infringement claim does not arise from any Petroleum Geo-Services, Inc. activity within or relating to the Eastern District of Texas, so Rotatable Technologies cannot satisfy the second prong of the test for specific personal jurisdiction. As explained above, Rotatable Technologies' infringement claim does not target Petroleum Geo-Services, Inc.'s core business. Instead, Rotatable Technologies has accused the trade show Events app of infringing the '978 patent. Petroleum Geo-Services, Inc., however, was not involved in the development of the Event app and has no involvement in the Event app's distribution or in the information that may be disseminated through it. Escobar Dec. ¶ 3. Petroleum Geo-Services, Inc. does not know where the Events app was downloaded and, on information and belief, such information is not available from the Apple developer account. According to the Mobile App Support website, the Events app does not gather any form of user data from the phone. Exhibit A. Even assuming the download locations of the Events app could be determined and the Events app was downloaded by a resident of the Eastern District of Texas, Petroleum Geo-Services, Inc. is not the correct entity for the lawsuit.

    c) It would be unreasonable for the District Court for the Eastern District of Texas to exercise personal jurisdiction over Petroleum Geo-Services, Inc.

Because Rotatable Technologies cannot satisfy the first two requirements for specific jurisdiction, consideration of the reasonableness of exercising personal jurisdiction in the Eastern District of Texas is unnecessary. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1363 (Fed. Cir. 2001). The Federal Circuit considers five factors in determining the reasonableness of exercising jurisdiction over a defendant: (1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining relief; (4) the judiciary's interest in efficient resolution of controversies; and (5) the interests of all states in furthering social policy. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351-52 (Fed. Cir. 2003).

Maintaining venue in the Eastern District of Texas would significantly burden Petroleum Geo-Services, Inc. because it is not located within the District. Starr Dec. ¶ 4. Putting aside the fact that Petroleum Geo-Services, Inc. had no involvement in the development and distribution of the Events app, Petroleum Geo-Services, Inc.'s lack of presence in the Eastern District of Texas necessarily means that any witnesses and documentary evidence within Petroleum Geo-Services, Inc.'s possession or control would be located outside of the District. Rotatable Technologies is also not a resident of the District, and cannot show that the Events app was ever downloaded by a resident of the Eastern District of Texas. Accordingly, there is no compelling interest to the District in resolving a claim that does not involve any of the District's residents and did not occur within its borders.

Nor would any increased efficiency result from exercising jurisdiction over Petroleum Geo-Services, Inc. The cost to Petroleum Geo-Services, Inc. of defending this lawsuit in the Eastern District of Texas far outweighs the amount of damages, if any, to which Rotatable Technologies would be entitled in the unlikely event Petroleum Geo-Services, Inc. was found liable for infringement. The Events app is free to its users and, on information and belief, has only been downloaded approximately 140 times. Any damages would be well below what it would cost Petroleum Geo-Services, Inc. to defend itself in any forum, let alone a forum in which it has no presence. Requiring Petroleum Geo-Services, Inc. to defend itself in the Eastern District of Texas will only increases the costs necessary to resolve this matter.

    **B.**    **Petroleum Geo-Services, Inc. Does Not Have A Regular and Established Place of Business In The Eastern District of Texas And Has Not Committed Infringing Acts in the District.**

Under the second test in § 1400(b), venue is proper if Petroleum Geo-Services, Inc.: (1) has a regular and established place of business in the Eastern District of Texas; and (2) committed infringing acts in the District. 28 U.S.C. § 1400(b) (2010). After analyzing whether

personal jurisdiction exists over Petroleum Geo-Services Inc., determining venue under the second test in § 1400(b) becomes superfluous because "wherever a corporate defendant commits acts of infringement and has a regular and established place of business, it will necessarily be subject to personal jurisdiction there." *VE Holding Corp.,* 917 F.2d at 1580.

Nevertheless, venue is also improper under the second test in § 1400(b). Petroleum Geo-Services, Inc. does not have a regular and established place of business in the Eastern District of Texas because it does not conduct any business operations in the District. Starr Dec. ¶¶ 4-7. Petroleum Geo-Services, Inc. has not committed any infringing acts within the District because it does not conduct any activity in the District and was not involved in development and distribution of the Events app and is not involved in its maintenance. *Id.*; Escobar Dec. ¶ 3. Venue cannot be established under the second test in § 1400(b) because Petroleum Geo-Services, Inc.'s lack of activities within the District fails to satisfy either of the test's two elements.

## IV.   CONCLUSION

The case should be dismissed for improper venue pursuant to FED. R. CIV. P. 12(b)(3) because personal jurisdiction does not exist over Petroleum Geo-Services, Inc. within the Eastern District of Texas, as required by 28 U.S.C. § 1400(b).

DATED:  April 29, 2013                                      Respectfully submitted,

                                                                           Heim Payne & Chorush L.L.P.

                                                                           /s/     *Russell A. Chorush*
                                                                           Russell A. Chorush
                                                                           State Bar No. 24031948
                                                                           E-mail: rchorush@hpcllp.com
                                                                           HEIM, PAYNE, CHORUSH L.L.P.
                                                                           600 Travis Street, Suite 6710
                                                                           Houston, Texas 77002
                                                                           Telephone: (713) 221-2000
                                                                           Facsimile: (713) 221-2021

                                            ATTORNEYS FOR DEFENDANT,
                                            Petroleum Geo-Services, Inc.

## **CERTIFICATE OF CONFERENCE**

On April 29, 2013, counsel for Plaintiff and Defendant discussed via email Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) for Improper Venue.  Defendant has filed an unopposed motion for an extension of time to respond to Plaintiff's complaint, which has not yet been ruled on (Dkt. No. 23), so Defendant is filing this Motion out of an abundance of caution and to preserve all rights.  Plaintiff is opposed to this Motion to dismiss.

                                            /s/ *Russell A. Chorush*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure on the April 29, 2013.

                                            /s/ *Russell A. Chorush*