## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ROTATABLE TECHNOLOGIES LLC,<br><br>  Plaintiff,<br><br>v.<br><br>PETROLEUM GEO-SERVICES INC.;<br>PLAINSCAPITAL CORP.;<br>RACKSPACE HOSTING INC.;<br>SCHLUMBERGER TECHNOLOGY CORP.;<br>TEXAS INSTRUMENTS INC.; AND<br>TXU ENERGY RETAIL COMPANY LLC.,<br><br>  Defendants. | CASE NO. 2:13-cv-177<br>**JURY TRIAL DEMANDED** |

## TXU ENERGY RETAIL COMPANY LLC'S MOTION TO SEVER PLAINTIFF'S CLAIMS

## I.      INTRODUCTION

The Leahy-Smith America Invents Act ("AIA") clarified the joinder requirements

for cases alleging patent infringement. *See* 35 U.S.C. § 299 (2012). The law is now explicit

that infringement of the same patent or patents is insufficient to justify keeping

unrelated parties in the same case. *See id*. Here, Plaintiff Rotatable Technologies LLC

("Rotatable Tech") has sued six unrelated companies, including TXU Energy Retail

Company LLC ("TXU"), alleging that these defendants have infringed U.S. Patent No.

6,326,978 ("the '978 patent"). Rotatable Tech has not and cannot allege any transaction,

occurrence, or product is shared by all defendants because Rotatable Tech's allegations

involve the creation and use of six separate and unrelated software products. TXU

therefore respectfully requests the Court sever Rotatable Tech's claims against TXU

from this case because Rotatable Tech has misjoined TXU.

## II.     THE COURT SHOULD SEVER THE CLAIMS AGAINST TXU BECAUSE THE DEFENDANTS DO NOT SHARE AN AGGREGATE OF OPERATIVE FACTS

Under Rule 21 of the Federal Rules of Civil Procedure, "on motion . . . the court

may at any time . . . sever any claim against any party." Fed. R. Civ. P. 21. Such action is

appropriate where the joinder of defendants fails to comply with Rule 20, which

requires claims to arise "out of the same transaction, occurrence or series of transactions

or occurrences" and present questions "of laws or fact common to all defendants." Fed.

R. Civ. P. 20. Under the AIA, "accused infringers may not be joined in one action as

defendants . . . based solely on allegations that they each have infringed the patent or

1

patents in suit." 35 U.S.C. § 299(b). The Federal Circuit has similarly held that plaintiffs

may not join claims against independent defendants "unless the facts underlying the

claim of infringement asserted against each defendant share an aggregate of operative

facts." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Although the Federal

Circuit's holding in *In re EMC* was based on the joinder requirements of Federal Rule of

Civil Procedure 20, not the AIA, this Court has "[found] that the *In re EMC* analysis of

what constitutes a common transaction or occurrence for the purpose of Rule 20 is

persuasive regarding interpretation of common transactions or occurrences under the

AIA." *Norman IP Holdings, LLC v. Lexmark Intern., Inc.*, No. 6:11-cv-495, 2012 WL

3307942, at *2 n.1 (E.D. Tex. Aug. 10, 2012).

The Federal Circuit has thus propounded seven factors a court should weigh

when considering whether to sever claims against a party:

> In addition to finding that [1] the same product or process is
> involved, to determine whether the joinder test is satisfied,
> pertinent factual considerations include [2] whether the
> alleged acts of infringement occurred during the same time
> period, [3] the existence of some relationship among the
> defendants, [4] the use of identically sourced components,
> [5] licensing or technology agreements between the
> defendants, [6] overlap of the products' or processes'
> development and manufacture, and [7] whether the case
> involves a claim for lost profits.

*In re EMC*, 677 F.3d at 1359-60. The Court "enjoys considerable discretion in

weighing the relevant factors." *Id.* Here, the defendants do not share an aggregate of

operative facts, so the factors weigh heavily in favor of severing Rotatable Tech's claims.

Therefore, TXU respectfully asks this Court to sever the claims against TXU from the claims against the other defendants.

### A.     TXU's accused product differs from the other defendants' products.

"The AIA clearly requires an additional party to have sufficient facts in common with all defendants beyond sole allegations of patent infringement." *Phoenix Licensing, LLC v. Aetna, Inc.*, No. 2:11-cv-285, 2012 WL 3472973, at *1 (E.D. Tex. Aug. 15, 2012). An analysis regarding proper joinder thus begins with whether "the same product or process is involved." *In re EMC*, 677 F.3d at 1359. In this case, TXU's accused product is entirely different from the other defendants' accused products. The Complaint alleges that TXU infringes only by providing the TXU Energy Retail Company LLC Mobile Application. (Dkt. No. 1 at ¶ 19.) All other defendants are alleged to infringe because of other, unrelated software products. (Dkt. No. 1 at ¶¶ 13-18.)

Rotatable Tech claims joinder of the defendants is proper "at least because each Defendant's infringing products includes, complies with, and/or utilizes the iOS operating system . . . ." (Dkt. No. 1 at ¶ 11.) Rotatable Tech then accuses the defendants of infringement based on their mobile applications, which Rotatable Tech states "are only available for download in the Apple App Store." (*Id.*) But Rotatable Tech has not alleged why the facts that the defendants' applications can run on the same operating system and are sold in the same online store are relevant to its infringement claims. These two facts, standing alone, are not sufficient to show that the accused

instrumentalities—the defendants' applications—are the same. Otherwise, contrary to the intent of the AIA, joinder of unrelated defendants would be the norm in virtually all software patent cases because most software products are designed to work with only a handful of commercial operating systems, or are sold alongside each other through major sales channels. This factor thus weighs heavily in favor of severance.

B.     **There exists no relevant relationship among the defendants.**

The only relationship these defendants have is that each has a principal place of business in Texas. The list of companies currently named as defendants includes a geological survey company, a bank, a data hosting company, an oilfield service provider, a technology company that produces complex signal processors and semi-conductors, and a retail electric company (TXU). These companies are incorporated in different states, including Delaware, Texas, and California, and their accused products share nothing in common other than that they are all mobile applications. This factor thus weighs in favor of severance.

C.     **TXU does not use identically sourced components as the other defendants.**

In *In re EMC*, the Federal Circuit determined that "independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." 677 F.3d at 1359. TXU's mobile application can run on some of the same operating systems as those of the other defendants, but the similarities between the products end there. Rotatable Tech has not offered any

4

allegations that the defendants' mobile applications use the same components or that

they are even identical. (*See* Dkt. No. 1, ¶¶ 14-19.) In fact, the applications perform

vastly different functions, from managing a user's bank account (PlainsCapital), to

updating users on their electrical usage (TXU), to providing a snapshot of information

for a drilling bit used during earth-boring operations (Schlumberger). None of these

applications pull from the same data sources, nor do they implement the same code or

functionality. Therefore, this factor weighs heavily in favor of severance.

> **D.     No licensing or technology agreements exist between the defendants, nor is there any overlap of the defendants' products' development and manufacture.**

These two factors can be taken together because Rotatable Tech has not alleged

any facts to support agreements among the defendants or commonality in the

development and manufacture of the defendants' products. TXU does not operate in

the same fields as the other defendants, so no licensing or technology agreements exist

between them. Furthermore, TXU did not collaborate with any of the other defendants

in the development of its mobile application, nor does it do so now. Therefore, these

factors weigh heavily in favor of severance.

> **E.     The case does not involve a claim for lost profits.**

Finally, Rotatable Tech does not explicitly include a claim for lost profits in its

Complaint. (*See* Dkt. No. 1 at 6.) Instead, Rotatable Tech asks for "[j]udgment that

Defendants account for and pay to Rotatable Technologies all damages and costs

incurred by Rotatable Technologies, caused by Defendants' infringing activities and other conduct complained of herein." (*Id.*) This Court has recently held that such broad claims are insufficient for this factor to weigh against severance. *See, e.g.*, *Phoenix Licensing*, 2012 WL 3472973 at \*2 ("Additionally, Phoenix does not explicitly include a claim for lost profits in its Complaint and instead merely claims 'Plaintiff has been damaged by the infringement by defendants . . . .'"). Therefore, this factor weighs heavily in favor of severance.

Given the foregoing, there is nothing in Rotatable Tech's complaint to support the joinder of TXU with these unrelated defendants. Therefore, as Rotatable Tech's claims against TXU and the other defendants do not arise out of the same transaction or occurrence, TXU respectfully asks the Court to grant this motion and sever the claims against TXU.

## III.    CONCLUSION

The AIA's recently enacted provisions regarding joinder of parties in a patent infringement case have clarified that parties cannot be joined to a case simply because they are alleged to have infringed the same patent or patents. This case is an example of the type of misjoinder Congress meant for the AIA to disallow, as all the factors in the relevant analysis propounded by the Federal Circuit weigh in favor of severing TXU from this case. TXU thus respectfully requests the Court sever Rotatable Tech's claims against it.

Dated: May 14, 2013

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  /s/*Neil J. McNabnay*

Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla
Texas Bar No. 24082704
rbonilla@fr.com

1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214.747.5070
Facsimile: 214.747.2091

COUNSEL FOR DEFENDANT TXU ENERGY
RETAIL COMPANY LLC.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record are being served with a copy

of this document via electronic mail pursuant to Local Rule CV-5(d).

/s/ *Ricardo J. Bonilla*
Ricardo J. Bonilla